| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ANIMAL SCIENCE PRODUCTS, INC., §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff,　　　　　　　§
　　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　　§　　CIVIL ACTION NO. 9:11-CV-55
　　　　　　　　　　　　　　　　§
SEVILLE FLEXPACK CORP.,　　　　§
　　　　　　　　　　　　　　　　§
　　　　　Defendant.　　　　　　§

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Animal Science Products, Inc.'s ("Animal Science") First Amended Motion to Remand Subject to Motion to Dismiss (#5). Animal Science seeks remand to state court of its action against Defendant Seville Flexpack Corp. ("Seville"), contending that the amount in controversy does not exceed $75,000.00, as required by 28 U.S.C. § 1332. Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

I.　　Background

Animal Science is a Texas corporation that manufactures agricultural products. Seville is a Wisconsin corporation that specializes in product packaging. In 2007, Animal Science contracted with Vivco, a Vietnamese company, for the manufacture and shipment of various agricultural products to Vivco's facilities overseas. Animal Science then entered into a separate contract with Seville, in which Seville agreed to supply packaging that would preserve this merchandise during transport. Seville furnished the packaging, and Animal Science shipped the products to Vietnam by sea. During the voyage, however, many of the products were damaged by the changing climate and became unfit for commercial use.

On July 22, 2010, Animal Science filed its Original Petition in the 145th Judicial District Court of Nacogdoches County, Texas, asserting claims against Seville for breach of the duty of good faith and fair dealing, negligence, breach of contract, tortious interference with business relations, strict/products liability, and breach of warranty. Animal Science reasserts these claims in its Second Amended Original Petition, filed February 18, 2011, contending that Seville's defective packaging caused its products to be damaged during transport. Animal Science seeks damages for its business losses, along with consequential damages, exemplary damages, and attorneys' fees. Animal Science further alleges that it "seeks damages within the jurisdictional limits of this court but in no event are such damages claimed greater than $74,999.99."

On March 31, 2010, Seville removed the case to federal court on the basis of diversity of citizenship, asserting that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. On May 2, 2011, Animal Science filed the instant motion to remand the case to state court, arguing that remand is appropriate because (1) no federal question exists and (2) the amount in controversy does not meet the statutory threshold of $75,000.00. *See* 28 U.S.C. § 1332.

II.     Analysis

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511

U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *see also Hertz Corp. v. Friend*, ___ U.S. ___, ___, 130 S. Ct. 1181, 1194 (2010); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388.

In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294; *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir.), *cert. denied*, 534 U.S. 997 (2001). It is undisputed that complete diversity exists in this case; therefore, the inquiry is limited to whether

the amount in controversy exceeds $75,000.00. Animal Science maintains that the amount in controversy is not satisfied because the operative state court petition expressly limits the amount of damages to $74,999.99.

The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir.), *cert. denied*, 549 U.S. 820 (2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *De Aguilar v. Boeing Co.* ("*De Aguilar II*"), 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288). Texas law, however, prohibits plaintiffs from pleading for specific amounts in cases of unliquidated damages. *See* TEX. R. CIV. P. 47; *De Aguilar II*, 47 F.3d at 1410. Therefore, when the petition does not specify the amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno*, 276 F.3d at 723; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

"This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citing *Simon*, 193 F.3d at 850); *accord Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003); *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th

Cir. 2002), *cert. denied*, 538 U.S. 945 (2003); *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Unless it is apparent from the petition that the amount in controversy exceeds $75,000.00, the defendant may not rely on mere conclusory allegations in the notice of removal to satisfy its burden. *See Felton*, 324 F.3d at 774; *Simon*, 193 F.3d at 850-51. Rather, the defendant "ha[s] an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to demonstrate the requisite jurisdictional amount. *Simon*, 193 F.3d at 851; *see Garcia*, 351 F.3d at 638; *Grant*, 309 F.3d at 869.

If it is facially apparent that the amount in controversy likely exceeds $75,000.00 or if the defendant produces sufficient evidence that the jurisdictional amount is satisfied, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *see Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 724; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar II*, 47 F.3d at 1412. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Allen*, 63 F.3d at 1335 n.14; *accord Griffin v. Ga. Gulf Lake Charles, LLC*, 562 F. Supp. 2d 775, 778 (W.D. La. 2008); *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 711 (S.D. Miss. 2004). The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits [his] recovery." *Manguno*, 276 F.3d at 724 (citing *De Aguilar II*, 47 F.3d at 1412); *accord Griffin*, 562 F. Supp. 2d at 778; *Hogg v. Rust Indus. Cleaning Servs., Inc.*, 896 F. Supp. 655, 657 (E.D. Tex. 1995). The United States Court of Appeals for the Fifth Circuit has "emphasized that 'this is not a

burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (quoting *De Aguilar II*, 47 F.3d at 1412).

In paragraph 23 of its Second Amended Original Petition, under the heading "Damages," Animal Science lists specific categories of damages sought, including lost profits, lost opportunity, lost benefit of the bargain, damage to business reputation, loss of production, and consequential damages. In this same section, Animal Science states that "in no event are such damages claimed greater than $74,999.99." In ensuing paragraphs under different headings, Animal Science also pleads for unspecified amounts of exemplary damages and attorneys' fees. Animal Science's prayer for relief mimics this structure, requesting in separate sentences "judgment in an amount [not] greater than $74,999.99," exemplary damages, and "judgment for reasonable attorney's fees."

Here, Animal Science attempts to avoid federal jurisdiction by alleging in its state court petition that "in no event are [the] damages claimed greater than $74,999.99." The plaintiffs in *De Aguilar II* similarly attempted to circumvent federal jurisdiction by averring "that they were seeking no recovery in excess of $50,000.00." 47 F.3d at 1408-10 ($50,000.00 was the threshold amount to confer federal jurisdiction at the time of *De Aguilar II*). Although Animal Science does not technically allege a specific amount of damages, as in *De Aguilar II*, this court must treat its claim as one alleging a specific sum. *See id*. at 1408. As the Fifth Circuit explained:

> Indeed, strictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000. We will treat the claim, however, as one for a specific amount of damages. Plaintiffs have labored to specify one 'magic' number in their complaint, i.e. $50,000. We regard such a complaint as more like a claim for one sum rather than a claim for an unlimited or an unspecified amount of damages; to reason otherwise would put form over substance. As a functional matter, plaintiffs are attempting to avoid federal

6

> jurisdiction. This goal is the same whether they pick a number such as $49,999 or merely announce a ceiling that, conveniently, is barely within the statutory limit.

*Id.*; *see also Grant*, 309 F.3d at 869. Furthermore, courts within this circuit have interpreted similarly constructed petitions, in which attorneys' fees and exemplary damages are requested in different sections, as pleading such damages separate from and in addition to any specified amounts mentioned elsewhere. *See Flanagan v. Wells Fargo Fin. Nat'l Bank*, 4:09-CV-44, 2009 WL 1444398, at *1-2 (E.D. Tex. May 21, 2009) (determining that it was facially apparent that the addition of requested attorneys' fees to a claim seeking damages "not to exceed $75,000" satisfied the jurisdictional minimum); *see also Gutierrez v. Swift Transp. Co., Inc.*, No. EP-10-CV-406-KC, 2011 WL 318294, at *3 (W.D. Tex. Jan. 28, 2011) (finding that the combination of the plaintiff's attempt to limit damages to $74,000 plus claims for attorneys' fees and punitive damages exceeded the judicial threshold); *Troiani v. Allstate Ins. Co.*, No. CIVA B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006) (finding the amount in controversy satisfied where plaintiff sought a maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages). Accordingly, the court will treat the range of damages contained in paragraph 23 of the Second Amended Original Petition as a claim for a specific sum—namely, $74,999.99—exclusive of attorneys' fees and exemplary damages.

It is well settled that attorneys' fees are included in the amount in controversy when assessing the jurisdictional amount if they are provided for by contract or state statute. *See Manguno*, 276 F.3d at 723; *Greenberg*, 134 F.3d at 1253; *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Texas law authorizes the award of "reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see Fluorine*

7

*On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003); *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002); *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). An award of reasonable attorneys' fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 421 (5th Cir. 2006); *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002). Because Animal Science has asserted a breach of contract claim, attorneys' fees are recoverable in this case if it prevails, and, therefore, they must be included in the amount in controversy.

Similarly, exemplary damages allowed by state statute are also encompassed in the amount in controversy. *See Greenberg*, 134 F.3d at 1253; *W.A. Equip. Co., Inc. v. Electrocatalytic, Inc.*, No. 95-1727, 1995 WL 550968, at *1 (E.D. La. Sept. 14, 1995) (citing *Allen*, 63 F.3d at 1333-35). Under Texas law, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003. In paragraph 24 of its Second Amended Original Petition, under the heading "Exemplary Damages," Animal Science claims that Seville "made certain representations to [Animal Science] with the intention of inducing the Plaintiff to rely upon such representations when [Seville] knew such representations were false." Because Animal Science claims that it "relied upon such representations believing them to be true and suffered severe damages as a result," exemplary damages are potentially recoverable for the harm resulting from this alleged fraud. Accordingly, exemplary damages are included within the amount in controversy in the case at bar.

8

Hence, when ascertaining the amount in controversy, Animal Science's claims for attorneys' fees and/or exemplary damages must be considered in addition to the $74,999.99 specifically pleaded in paragraph 23 of the Second Amended Original Petition. Consequently, any amount of attorneys' fees or exemplary damages greater than one cent will be sufficient to reach the jurisdictional threshold. Animal Science has plainly incurred more than one cent in attorneys' fees in pursuing this action, and it is clear that it is seeking more than one cent in exemplary damages. Therefore, it is apparent from the face of the petition that Animal Science's claims likely exceed the jurisdictional minimum. *See Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 199 (E.D. Tex. 2000) (finding that the array of damages sought for alleged injuries in a breach of contract case, including actual damages, exemplary damages, and attorneys' fees, could support a finding of the requisite amount in controversy).

Moreover, Seville has offered summary judgment-type evidence that the damages sought will likely exceed $75,000.00. Seville has submitted evidence of its own sworn account in the amount of $62,609.64 for goods sold to Animal Science, the packaging materials that form the basis of the controversy, which, when coupled with other evidence, suggests that the jurisdictional minimum has been surpassed. Seville has also submitted an affidavit stating that attorneys' fees for either side in this matter will exceed $20,000.00, which Animal Science does not dispute. Thus, Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Harp v. Liberty Mut. Ins. Co.*, No. SA-08-CV-655, 2008 WL 4200312, at *2 (W.D. Tex. Sept. 11, 2008); *Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617, at *2 (E.D. La. Nov. 3, 2003).

Because Seville has demonstrated that the jurisdictional threshold is satisfied, Animal Science must establish "to a legal certainty that the claim is really for less than the jurisdictional amount" in order to secure remand. *St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *see Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 724; *Allen*, 63 F.3d at 1335; *De Aguilar II*, 47 F.3d at 1412. Animal Science, however, has failed to point to any statute or binding stipulation that expressly limits its recovery in this case. *Manguno*, 276 F.3d at 724 (citing *De Aguilar II*, 47 F.3d at 1412); *accord Hogg*, 896 F. Supp. at 657. Thus, Animal Science has failed to make the requisite showing, and its bare assertion that "the amount in controversy is only $74,999.99" is insufficient to deprive this court of subject matter jurisdiction. Accordingly, the court concludes that the amount in controversy requirement is met in this case, and remand is not proper.

III. Conclusion

It is apparent from the face of Animal Science's Second Amended Original Petition and from evidence in the record that the amount in controversy can reasonably be construed to exceed $75,000.00 and that there is complete diversity between the parties. Animal Science has not shown to a "legal certainty" that the amount in controversy is below the jurisdictional minimum. Therefore, the removal of this case was proper, as it falls within this court's diversity jurisdiction, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand is DENIED.

SIGNED at Beaumont, Texas, this 29th day of June, 2011.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE
